## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PROTECT THE PUBLIC'S TRUST     )
712 H Street, N.E.     )
Suite 1682     )
Washington, D.C. 20002,     )
     )
        Plaintiff,     )
     )
v.     )     Civil Case No. 1:22-cv-01046
     )
U.S. DEPARTMENT OF THE INTERIOR     )
1849 C Street, N.W.     )
Washington, D.C. 20240,     )
     )
        Defendant.     )
_____ )

## COMPLAINT

1.  Plaintiff Protect the Public's Trust brings this action against the United States Department of the Interior under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.  Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4.  Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant United States Department of the Interior ("Interior" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

**I.      Request DOI-SOL-2021-005830**

7. On September 2, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the Department seeking the following records from the Office of the Solicitor:

    1. Meeting Requests: All records for meeting requests, meeting memos, briefing documents, schedules, communications, and any other records related to the

planning or preparation for Secretary Haaland's wedding on August 28, 2021. This should include but not be limited to records and communications relating to meeting approvals from the Department Ethics Office/Office of the Solicitor, security detail planning and external/intergovernmental meetings regarding the event. Meetings that have been scheduled following the wedding to discuss gift disposition, and any other Interior-related issue that arose at the event should also be included.

2.  External and Internal Communications: Any and all communications, documents, and other records pertaining to the planning, attendance, security detail or other relevant conversation involving the Secretary's wedding. This includes, but should not be limited to, any records by the Secretary's security detail, purchase cards, travel itineraries, vouchers, authorizations, gift acceptance or disposition, scheduling office outreach or communication internally or with potential guests, Solicitor Office communications with the intergovernmental office and communications office records on the planning, travel, COVID-related guidance, and other responsive communications on the topic.

3.  Guest List: Any lists that exist of any planned invitees and/or attendees to the wedding and all communications between any of those persons and any Department employees from November 3, 2020, and the date of the wedding, August 28, 2021. This should include, but not be limited to, correspondence between Office of Secretary personnel and those in the Solicitor's Office, or between employees within the Solicitor's Office, including the ethics office, discussing invitations to individuals to ensure they were not considered a "prohibited source."

4.  Gifts: A list of all gifts and estimated dollar amounts that were accepted, declined, or donated by the Secretary, including the name and professional affiliation of the individual giving the gift. Also, any communications with, by and between ethics and solicitors officials concerning the legality of such acceptance of gifts. If no analysis was conducted, please provide records showing that the Ethics/Solicitor's Office determined that no analysis was needed to vet wedding gifts the Secretary received from guests.

5.  All records and communications concerning the preparation for and planning of a honeymoon following Secretary Haaland's wedding. This should include communications between and with [Office of the Secretary ("OS")] scheduling, advance, and security detail and other officials in the Office of the Secretary or with the Solicitor's Office, including the Ethics Office.

6.  Secretary Haaland's updated financial disclosure form 278 that includes all of her new spouse's financial information and interests that are imputed to her. We request all records between Secretary Haaland, her husband, and

administrative staff with the Solicitor's Office and ethics officials to develop this updated document.

7. While we congratulate Secretary Haaland and wish her a long and happy marriage, as a cabinet official, participation in a large event that customarily includes gifts and may have involved the use of official resources is more than a purely private affair.  The release of these documents is in the public interest because they will help the public understand whether any prohibited sources attended the wedding, whether Secretary Haaland received any gifts from prohibited sources or other persons directly or indirectly impacted by the performance of her official duties, whether any official resources were used to support the event, and how Secretary Haaland and the Department sought to comply with relevant ethical obligations.

8. On September 2, 2021, the Department confirmed the submission of Plaintiff's FOIA request and referred to it as tracking number "DOI-SOL-2021-005830."

9. Also on September 2, 2021, the Department "fully granted" Plaintiff's request for a fee waiver for request DOI-2021-005830.

10. Since that time, Plaintiff has reached out at least four times regarding the status of request DOI-SOL-2021-005830, including on November 19, 2021, December 22, 2021, January 28, 2022, and February 2, 2022.

11. The Department has not respondent to any of Plaintiff's inquiries.

12. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

13. As of today, Plaintiff's request has been pending for more than 220 days – well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

14. At this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). To the contrary, the Department has given no indication that it has conducted a search or begun reviewing responsive records, has not produced responsive documents to the Plaintiff or even given an estimated date when it will begin producing responsive records, has not communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal.

15. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

16. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

**II.     Request DOI-OS-2021-005829**

17. On September 2, 2021, PPT also submitted a FOIA request (attached as Exhibit B) to the Department seeking the following records:

    1. Meeting Requests: All records for meeting requests, meeting memos, briefing documents, schedules, communications, and any other records related to the planning or preparation for Secretary Haaland's wedding on August 28, 2021. This should include but not be limited to records and communications relating to meeting approvals from the Department Ethics Office/Office of the Solicitor, security detail planning and external/intergovernmental meetings regarding the event. Meetings that have been scheduled following the wedding to discuss gift disposition, and any other Interior-related issue that arose at the event should also be included.

    2. External and Internal Communications: Any and all communications, documents, and other records pertaining to the planning, attendance, security detail or other relevant conversation involving the Secretary's

wedding. This includes, but should not be limited to, any records by the Secretary's security detail, purchase cards, travel itineraries, vouchers, authorizations, gift acceptance or disposition, scheduling office outreach or communication internally or with potential guests, intergovernmental office and communications office records on the planning, travel, COVID-related guidance, and other responsive communications on the topic.

3.  Guest List: Any lists that exist of any planned invitees and/or attendees to the wedding and all communications between any of those persons and any Department employees from November 3, 2020, and the date of the wedding, August 28, 2021. This should include correspondence between OS personnel and those in the Solicitor's Office seeking approval for invitations to individuals to ensure they were not considered a "prohibited source."

4.  Gifts: A list of all gifts and estimated dollar amounts that were accepted, declined, or donated by the Secretary, including the name and professional affiliation of the individual giving the gift. Also, any communications with Interior ethics and solicitors concerning the legality of such acceptance as it relates to the Secretary's official role or as a Senate-confirmed member of the Cabinet. Alternatively, please provide records showing that the Ethics/Solicitor's Office determined that no analysis was needed to vet the gifts the Secretary received from guests.

5.  All records and communications concerning the preparation for and planning of a honeymoon following Secretary Haaland's wedding. This should include communications between and with OS scheduling, advance, and security detail and other officials in the Office of the Secretary or with the Solicitor's Office, including the Ethics Office.

6.  Secretary Haaland's updated financial disclosure form 278 that includes all of her new spouse's financial information and interests that are imputed to her. We request all records between Secretary Haaland, her husband, and administrative staff with the Solicitor's Office and ethics officials to develop this updated document.

18. As with request DOI-SOL-2021-005930, the participation by a cabinet secretary in a large event that customarily includes gifts and may have involved the use of official resources is more than a purely private affair. The release of these documents is in the public interest because they will help the public understand whether any prohibited sources attended the wedding, whether Secretary Haaland received any gifts from

prohibited sources or other persons directly or indirectly impacted by the performance of her official duties, whether any official resources were used to support the event, and how Secretary Haaland and the Department sought to comply with relevant ethical obligations.

19. On September 2, 2021, the Department confirmed the submission of Plaintiff's request and referred to it as tracking number "DOI-OS-2021-005829"

20. On September 7, 2021, the Department denied Plaintiff's request for a fee waiver, notwithstanding the fact that five days earlier the Department granted a fee waiver for a substantially similar request address to the Office of the Solicitor, described above. *Compare* Exhibit B *with* Exhibit A.  Incoherently, the Department also assigned Plaintiff's request to "the Simple processing track," which is "for requests that would generally take one to five workdays to process," while claiming a "10-workday extension under 43 C.F.R. § 2.19," which allows for extensions in "unusual circumstances."

21. Since that time, Plaintiff has reached out at least four times regarding the status of request DOI-OS-2021-005829, including on November 19, 2021, December 22, 2021, January 26, 2022, and March 22, 2022.

22. On November 23, 2021, the Department stated with respect to DOI-OS-2021-005829 "we have received records from the program offices, and the request has been assigned to a processor."

23. On December 28, 2021, the Department stated "[t]hose records are currently being prepared to go to our Solicitors office for legal review.  We would estimate a release by the end of January due to holidays and the resulting staffing."

24. January passed without the release of any responsive records.

25. On February 2, 2022, the Department stated that request DOI-2021-005829 "is with our solicitor for review and we anticipate completion soonest."

26. On March 25, 2022, the Department stated "[w]e expect to have an interim response to you by COB today, and are continuing to search for and review any potentially responsive records."

27. But, alas, March 25 passed without the release of any responsive records.  As did the next two weeks.

28. Notwithstanding the Department's estimate that it would take one to five business days to process Plaintiff's request, that it would produce records by the end of January, or that it would produce records on or around March 25, Plaintiff has received no further updates from the Department.

29. The Freedom of Information Act does not allow agencies to play Lucy with the football by continuously moving the estimated date of production. *See generally* Eric Schulmiller, *All Your Life Charlie Brown, All Your Life. The Complete History of Lucy's Pulling the Football Away*, Slate (Oct. 18, 2014), https://slate.com/culture/2014/10/the-history-of-lucys-pulling-the-football-away-from-charlie-brown-in-peanuts.html.

30. As of today, Plaintiff's request has been pending for more than 220 days – well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

31. At this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). While the Department has indicated that it has conducted a search and begun reviewing responsive records, the Department has not produced

responsive documents to the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination beyond its denial of a request for a fee waiver.

32. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

33. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

<u>COUNT I</u>

<u>Violation of FOIA, 5 U.S.C. § 552</u>
<u>Wrongful Withholding of Non-Exempt Records Responsive to Request DOI-SOL-2021-005830</u>

34. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

35. PPT properly requested records within the possession, custody, and control of the Department.

36. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

37. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

38. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to request DOI-SOL-2021-005830.

39. The Department's failure to provide all non-exempt responsive records violates FOIA.

40. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to request DOI-SOL-2021-005830 and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records Responsive to Request DOI-OS-2021-00529

41. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

42. PPT properly requested records within the possession, custody, and control of the Department.

43. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

44. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

45. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to request DOI-OS-2021-00529.

46. The Department's failure to provide all non-exempt responsive records violates FOIA.

47. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to request DOI-OS-2021-00529

10

and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to request DOI-SOL-2021-005830 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to request DOI-SOL-2021-005830.

(4) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to request DOI-OS-2021-00529 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(5) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to request DOI-OS-2021-00529.

(6) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(7) Grant PPT other such relief as the Court deems just and proper.

Dated: April 14, 2022                 Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, Virginia 22314
Telephone: 703-965-0330
Facsimile: 415-520-6593
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*